HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IHOR C. JASON,

                    Plaintiff,

     v.

GROUP HEALTH COOPERATIVE,
REBECCA A. TOWNSEND, M.D., AND
ROGER F. CHAMUSCO, M.D.,

                    Defendants.

No. CV11-5697 RBL

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
[Dkt. #9]

THIS MATTER comes before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction [Dkt. #9]. Plaintiff Ihor C. Jason seeks to recover damages for the negligent administration of health care services and for Medicare fraud. Plaintiff asserts 28 U.S.C. § 1331 as the basis for the Court's subject matter jurisdiction.

## I. FACTS

On February 8, 2011, and February 10, 2011, Mr. Jason sought emergency medical treatment at St. Joseph's Medical Center in Tacoma, Washington. Pl.'s Compl. 3–4 [Dkt. #1]. On both occasions, he believed he was experiencing symptoms of cardiac arrest. *Id.* Mr. Jason alleges Group Health Cooperative physicians Rebecca Townsend, M.D. and Roger Chamusco, M.D. refused to administer a Computed Tomography ("CT") scan previously ordered by Morian Shinobu, M.D. and later requested by Mr. Jason's homecare nurse. *Id.* Mr. Jason filed a formal grievance with Group Health on March 15, 2011. *Id.* at 2. Dissatisfied with Group Health's response, Mr. Jason commenced this action against defendants Group Health Cooperative, Dr.

ORDER - 1

Townsend, and Dr. Chamusco, alleging negligence, fraud, wrongful denial of medical treatment, and false imprisonment. Defendants moved to dismiss for lack of subject matter jurisdiction.

## II. AUTHORITY

Federal Rule of Civil Procedure 12(b)(1) allows litigants to move for dismissal of an action from federal court for lack of subject matter jurisdiction. Subject matter jurisdiction is proper either when the action arises under federal law or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

## III. DISCUSSION

In response to defendants' motion, Mr. Jason contends his claims present valid federal questions because (1) the defendants violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; (2) the defendants are criminally liable for health care fraud under 18 U.S.C. § 1347; and (3) "mutually interconnected claims under the common designation of Medicare violations" suffice to confer federal question jurisdiction. Pl.'s Opp'n to Defs.' Mot. to Dismiss 2–3 [Dkt. #12].

First, the Emergency Medical Treatment and Active Labor Act requires hospital emergency rooms to screen incoming patients for emergency medical conditions and, if found, to stabilize the patient before transfer or discharge. *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 992 (9th Cir. 2001); *see also* 42 U.S.C. § 1395dd(a), (b). But, "the statute is not intended to create a national standard of care for hospitals or to provide a federal cause of action akin to a state law claim for medical malpractice." *Baker*, 260 F.3d at 993.

Mr. Jason alleges the defendants refused to administer a CT scan while he was hospitalized, not that the emergency room failed to screen for emergency medical conditions. Pl.'s Compl. 3–4 [Dkt. #1]. Thus, Mr. Jason's claims that the emergency room physicians misdiagnosed his condition or disregarded their duty of care do not implicate EMTALA. *See Jackson v. E. Bay Hosp.*, 246 F.3d 1248, 1256 (9th Cir. 2001) (quoting *Summers v. Baptist Med. Ctr. Arkadelphia*, 91 F.3d 1132, 1139 (8th Cir. 1996) ("[I]nstances of negligence in the screening or diagnostic process, or of mere faulty screening" are not actionable under EMTALA.)).

Mr. Jason's claims sound in tort negligence and are controlled by state law.

Second, Mr. Jason argues that this Court has federal question jurisdiction over his claims because the defendants violated 18 U.S.C. § 1347 by prescribing unnecessary services, equipment, and personnel in a common scheme to defraud Medicare. The federal health care fraud statute imposes criminal penalties on persons who knowingly or willfully execute a scheme to defraud any health care benefit program. *See* 18 U.S.C. § 1347. The statute does not, however, provide a private cause of action, and "only the federal government may bring lawsuits for the recovery of loss caused by alleged Medicare fraud." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78 (D. Conn. 2007). Because Mr. Jason lacks standing to assert a private cause of action under the federal health care fraud statute, alleged violations of 18 U.S.C. § 1347 cannot serve as a basis for federal question jurisdiction. *See, e.g.*, *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (reasoning it is appropriate to address standing in a Rule 12(b)(1) jurisdictional challenge).

Third, Mr. Jason contends that general "Medicare violations" establish federal question jurisdiction, but he has not articulated which provisions of federal law or of the United States Constitution are in breach. Mr. Jason alleges Group Health, Dr. Townsend, and Dr. Chamusco are "jointly responsible for negligence in delivering health care." Pl.'s Compl. 3 [Dkt. #1]. As such, his claims are governed by Chapter 7.70 of the Revised Code of Washington, which controls civil actions to recover damages for "injuries resulting from health care." RCW 7.70.010.

### IV. CONCLUSION

Because subject matter jurisdiction of the federal courts is limited by statute, and Mr. Jason has failed to plead a claim that establishes jurisdiction either by diversity or by a question of federal law, defendants' motion to dismiss for lack of subject matter jurisdiction [Dkt. #9] is GRANTED, and plaintiff's complaint [Dkt. #1] is DISMISSED. Plaintiff's motion for summary judgment [Dkt. #8] is DISMISSED as moot.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2012.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3